IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA ARMSTRONG,<br><br>　　　　　Defendant. | Criminal No. 1:20CR69<br>Judge Kleeh<br><br><br>UNITED STATES' RESPONSE CONTRA MOTION FOR DOWNWARD VARIANCE |

Now comes the United States of America and William J. Powell, United States Attorney for the Northern District of West Virginia, by David J. Perri, Assistant United States Attorney, and respectfully responds to the "Defendant's Motion for a Downward Variance Sentence."

**MEMORANDUM**

1.　　On February 25, 2021, the defendant filed a sentencing memorandum in this case.  The United States hereby responds to the defendant's Motion for a downward variance by opposing the same for the reasons set forth herein.

2.　　The United States takes issue with the suggestion of the defendant's experts that a combination of life circumstance or personal background issues somehow *caused* the defendant to seek out sexually explicit images from underage girls.  In the opinion of his experts, three main factors "contributed to and facilitated [his] inappropriate online sexual behavior."  [Evaluation at p. 10-12]   These factors were: 1) Mental Health / Substance abuse issues; 2) Adolescent / Young Adult Brain Development; and 3) Digital Disinhibition.  [Evaluation at p. 10-12]   Such an approach fails to take into consideration the very real affinities, urges,

1

compulsions that drive the behavior of an on-line sex offender. As such, it is naïve and dangerous. It also seems to avoid the attribution of any personal responsibly whatsoever to the defendant for having engaged in the conduct in question.

The defendant's experts fail to explain or otherwise substantiate any rational causal connection between drug addiction and on-line sex offending. Drug addition does not cause a person to have a sexual interest in children. Nor do the experts make any attempt to medically substantiate their odd assertion that the defendant, at the age of 22, had an "undeveloped brain." [Evaluation at p. 11] Finally, the experts' suggestion that "digital disinhibition" is one of the reasons the defendant did what he did is illogical. If, in fact, the defendant became disinhibited as a result of his on-line activities, it only means that he lost the internal qualms that were constraining him from doing that which he already wanted to do.

3. The Evaluation fails to provide any insight whatsoever into why this defendant was seeking out child pornography and was trying to sexually excite underage minors. In other words, why would he *want* to see and have sexually explicit images of a fourteen year-old girl and an eleven year-old girl? Why would he *want* a fourteen year-old and an eleven year-old to see pictures of his erect penis? Indeed the Evaluation fails to address the facts of this case at all. Thus, the Evaluation it is of limited value to this Court and should be accorded little deference.

4. It should be noted that this defendant engaged in a persistent course of conduct over time. It was not simply one message on one day. Nor was his conduct limited to one potential victim. The investigation revealed that he engaged in almost exactly the same behavior with regard to a sixteen year-old girl. Any suggestion to the contrary is an effort to minimize his conduct.

5. The Evaluation is replete with unsupported conclusory assertions. The Experts'

2

conclusion that the defendant is an "Internet-only / non-contact sex offender" appears to be an assumption based solely and simply on the fact that the evaluators are unaware of any acts of molestation in the defendant's past. [Evaluation at p. 12, 15, 16] Well-known research in the field (which unfortunately escapes mention in the Evaluation) suggests that over half of on-line sex offenders have committed a (previously unreported) contact offense.[1] Apparently, the defendant's experts are happy to rely on the defendant's self-report and the absence of any official reports of prior incidents to conclude that he has never laid hands on a child. The United States is unwilling to make such an assumption.

How can they be sure the defendant is telling the truth? Was a polygraph ever conducted? Were phallometric measures considered? In their article entitled "Shedding Light on the Histories of Sex Offenders Using Clinical Polygraphy," Hindman and Peters state that

> [d]uring a clinical assessment, the offender is usually interested in presenting himself in the best possible light and, therefore, may sabotage efforts to uncover an accurate history of deviant behavior."

[2001][internal quotations and citations omitted] They further state that

> Recognizing that the lack of disclosure by sex offenders is the norm rather than the exception, professional standards adopted by the Association for the Treatment of Sexual Abusers [ASTA] directs its members to look beyond client self-report and traditional psychological testing and to use multiple sources of information when conducting evaluations of sex offenders.

[2001][internal quotations and citations omitted] The United States does not hereby contend that the defendant is a contact offender; rather, the point is that we simply don't know.

The experts further assert that the defendant "does not meet the criteria for pedophilic disorder *and does not have a sexual interest in children*." [Evaluation at P. 13][emphasis

---

[1] Seto, Hanson, and Babchishin, Sexual Abuse: A Journal of Research and Treatment, *Contact Sexual Offending* by *Men with Online Sexual Offenses*, p. 10, 12, December 20, 2010;

3

supplied]  This is an astonishing claim, given that it runs headlong into the facts of this case.  As Kenneth Lanning has observed, "[s]eeking child pornography is the result of a sexual interest in children not the cause of it."[2]  It should be recalled that the defendant desired to see a fourteen year-old "finger" her eleven year-old little sister.

6. The defendant's experts acknowledge his anti-social tendencies, but fail to accord this factor any weight in their determination because he does not have an official diagnosis. [Evaluation at p. 15]  The research is pretty clear that there is a relationship between anti-social personality traits and sexual offending.  Seto, Hanson, and Babchison state that two of the three major risk factors in predicting whether an individual will act on his or her pedophilic interests in the future are "antisocial orientation" and "intimacy deficits."[3]  It's also clear that this defendant almost never leaves the house, preferring to spend inordinate amounts of time on-line and playing video games.  He does not have normal social relationships and has not had any for quite some time.

7. Neither the Evaluation nor the P.S.R. provides any indication of the defendant's willingness to acknowledge the nature of his sexual interests or remorse for what he did.  Rather, it appears that he seeks to blame his conduct on various situational and background factors.  The United States submits that the defendant's failure to recognize and address his apparent sexual

---

[2] Kenneth V. Lanning, Office of Juvenile Justice and Delinquency Prevention, Child Molesters: A Behavioral Analysis for Professionals Investigating the Sexual Exploitation of Children, 108 (5th Ed. 2010); see also, Eke and Williams, Law Human Behav (2011) , 35:466—478, *Examining the Criminal History and Future Offending of Child Pornography Offenders: An Extended Prospective Follow-up Study* ("Individuals who seek out child pornography are exhibiting their sexual interest in children in illegal behavior . . .).
[3] Seto, Hanson, and Babchishin, Sexual Abuse: A Journal of Research and Treatment, *Contact Sexual Offending* by *Men with Online Sexual Offenses*, p. 14, 17, December 20, 2010; see also, Prentky, Knight, and Lee, *Child Sexual Molestation: Research Issues*, National Institute of Justice, June, 1997 ("Social competence issues are clearly significant in child molestation . . . .").

interest in children is itself a factor that lends itself toward dangerous because, if he is in denial, he will be less amenable to treatment and rehabilitation and more likely to re-offend.

8. Rather than merely providing the Court with information that would inform its decision-making process, the defendant's experts go so far as to opine on the nature of the sentence that should be imposed by the Court. [Evaluation at p. 17] They say that the defendant should be placed on community supervision. [Evaluation at p. 17] This is inappropriate in as much as it exceeds the scope of their expertise.

9. The United States submits that a downwardly variant sentence would not be commensurate with the seriousness of the offense or promote respect for the law. Nor would it serve as an adequate deterrent for would-be offenders. 18 U.S.C. § 3553(a). It should be recalled that the demand created by consumers like the defendant is largely what fuels the production of new images.

Respectfully submitted,

WILLIAM J. POWELL
UNITED STATES ATTORNEY

By: /s/ David J. Perri
David J. Perri
Assistant United States Attorney/Bar Number: 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
Telephone: (304) 234-0100
Fax: (304) 234-0111
E-mail: David.Perri@usdoj.gov

## CERTIFICATE OF SERVICE

I, David J. Perri, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing **UNITED STATES' RESPONSE CONTRA MOTION FOR DOWNWARD VARIANCE** was electronically filed with the Clerk of the Court using the CM/ECF system to the following:

Brian Kornbrath, Esq.
Federal Public Defender Office
230 West Pike St., Ste. 360
Clarksburg, WV 26301

Dated:  February 26, 2021

By:  /s/ David J. Perri
David J. Perri
Assistant United States Attorney/Bar Number: 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
Telephone: (304) 234-0100
Fax: (304) 234-0111
E-mail: David.Perri@usdoj.gov